UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HOWARD RUBINSKY,

                Plaintiff,

    -- against --                            COMPLAINT

AHMED ZAYAT, a/k/a
EPHRAIM ZAYAT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    Plaintiff Howard Rubinsky, by his attorneys BaintonLynch LLP, for his complaint against Defendant Ahmed Zayat, a/k/a Ephraim Zayat, respectfully avers:

### Jurisdiction and Venue

1. Plaintiff is a natural person and a citizen and resident of the State of Florida.

2. Defendant is a natural person and a citizen and resident of the State of New Jersey.

3. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

4. This Court therefore has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332.

5. This Court has jurisdiction over the person of Defendant and venue is proper in this District because Defendant maintains his principal residence within it.

### Statement of Facts

6. Beginning in or about 2003 Plaintiff and Defendant entered into a personal services contract pursuant to which Defendant was from time to time required to advance his own funds on behalf of Defendant and from time to time required to collect funds on behalf of Defendant.

7. For many years, Defendant timely reimbursed Plaintiff for cash he advanced on behalf of Defendant.

8. As of the end of 2005, Defendant owed Plaintiff $2 Million.

9. Defendant made partial payments against that indebtedness.

10. The last partial payment in the amount of $25,000 was made on April 14, 2008.

11. Defendant still owes Plaintiff $1,650,000, together with interest accrued thereon.

12. Beginning in or about 2008 Defendant and his principal business Zayat Stables, LLC ("Stables") began to experience financial difficulties.

13. In 2010 Stables filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

14. At that time there was a heated dispute between Plaintiff and Stables on the one hand and Fifth Third Bank (the "Bank") on the other hand regarding repayment of in excess of $34 Million that the Bank had loaned Plaintiff and Stables.

15. The Bank had filed litigation in Ohio and an adversary proceeding in the United States Bankruptcy Court for the District of New Jersey.

16. On February 27, 2010, the *New York Times* published an article entitled *As Derby Favorite Soars, His Owner Stumbles* questioning whether Defendant was linked to illegal gambling in general and with two convicted felons, the so-called Jelinsky Brothers, in particular.

17. After he made his last payment on account, Defendant continued to promise Plaintiff that he would repay his indebtedness to him, but asked that Plaintiff, as a friend, be patient in light of the pressure Plaintiff was under due to the events described above.

18. Plaintiff and Stables have resolved their dispute with the Bank pursuant to a settlement agreement that demands stiff payments to reduce and ultimately pay off their indebtedness to the Bank through 2014.

19. Upon information and belief, nothing adverse has happened to Plaintiff based upon public speculation about illegal gambling.

20. But notwithstanding have duly made demands for payment, Defendant has made no further payments on account of his indebtedness to Plaintiff, much less paid his debt in full, since his last payment on April 14, 2008.

21. Given the fact that the end of the applicable period of limitations is fast approaching, Plaintiff has been left with no other alternative but to commence this action.

## AS AND FOR A FIRST CLAIM
### (Breach of Contract)

22. The averments of paragraphs 1 through 21 are respectfully repeated and reaverred as if fully set forth herein.

23. By reason of the foregoing, Defendant has breached his contract with Plaintiff by failing to reimburse him the remaining $1,650,000 of the original $2 Million that Plaintiff advanced on Defendant's behalf.

24. Plaintiff has therefore been damaged in the sum of $1,650,000, together with interest thereon.

## AS AND FOR A SECOND CLAIM
### (Unjust Enrichment)

25. The averments of paragraphs 1 through 24 are respectfully repeated and reaverred as if fully set forth herein.

26. By reason of the foregoing, Defendant has been unjustly enriched in the sum of $1,650,000, together with interest thereon.

WHEREFORE Plaintiff demands judgment as follows:

(a) On his first claim in the sum of $1,650,000, together with interest thereon;

(b) On his second claim in the sum of $1,650,000, together with interest thereon; and

(c) Awarding him the costs of this action, together with such other, further or different relief as to the Court may seem just and proper.

Dated: New York, New York
March 11, 2014

BAINTON LYNCH LLP

By: _____
J. Joseph Bainton (JB-5934)
*Attorneys for Plaintiff*
767 Third Avenue
New York, NY 10017
Telephone: (212) 201-5705
email-bainton@baintonlynch.com