*Office of the Principal Legal Advisor*
**U.S. Department of Homeland Security**
3373 Pepper Lane
Las Vegas, NV 89120



**U.S. Immigration and Customs Enforcement**

December 11, 2014

*Delivered via First Class Mail and E-mail*

J. Joseph Bainton, Esq.
767 Third Avenue
Seventh Floor
New York, NY 10017
bainton@baintonlynch.com

Re:   *RUBINSKY v. ZAYAT,*
      Case Number 14-1540
      U.S. District Court for the District of New Jersey

Dear Mr. Bainton

     A copy of your subpoena dated November 11, 2014, which was served today on the Department of Homeland Security's Office of General Counsel, has been forwarded to my attention. Your subpoena requests records from our investigative files for use in a Federal proceeding to which the United States is not a party.

     The purpose of this letter is to inform you of the procedural prerequisites for obtaining information, whether oral or written, from the Department of Homeland Security (DHS) of which ICE is a component. The DHS has enacted regulations that govern the release of testimony by DHS employees or documents in a legal proceeding where the United States is not a party. These regulations are commonly referred to as *Touhy* regulations and can be found at 6 C.F.R. §§ 5.41-5.49. *See generally United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The *Touhy* regulations are an absolute condition precedent to obtaining testimony or other information from a DHS employee, and the regulations must be complied with before the DHS or ICE may respond to any such request. *See U.S. v. Soriano-Jarquin*, 492 F.3d 495 (4th Cir. 2007); *Ho v. U.S.*, 374 F.Supp.2d 82 (D.D.C. 2005).

     Section 5.43 of the DHS *Touhy* regulations, requires that service of subpoenas, court orders, and other demands or requests for official information be served on the DHS Office of the General Counsel (OGC). DHS OGC has delegated this responsibility to its components. In the event that the request for ICE information is delivered directly to an employee, the employee is to immediately forward a copy of that document to the DHS OGC or its designee, ICE Office of the Principal Legal Advisor.

     Further, DHS regulations bar all DHS employees, including former employees, from *inter alia* providing responses to questions by attorneys in situations involving litigation regarding any material contained in the files of the Department, any information relating to material contained in the files of the Department, or any information acquired while the subject of the request for information is or was employed by DHS, unless authorized to do so by the

J. Joseph Bainton, Esq.
Page 2

DHS Office of General Counsel or its designees. *See* 6 C.F.R. § 5.44. Section 5.45 of the regulations also requires that the party seeking information must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought."

Upon receipt of a sufficiently detailed request, DHS or ICE will consider the following factors: (1) whether compliance would be unduly burdensome or otherwise inappropriate; (2) whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information; (3) the public interest; (4) the need to conserve the time of DHS employees for the conduct of official business; (5) the need to avoid spending the time and money of the United States for private purposes; (6) the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated; (7) whether compliance would have an adverse effect on performance by the DHS of its mission and duties; and (8) the need to avoid involving the DHS in controversial issues not related to its mission. *See* 6 C.F.R. § 5.48(a).

In addition, ICE will not comply with a request when such compliance would violate a statute, regulation, Executive Order, or agency policy. Likewise, the ICE will not comply with a request when such compliance would reveal agency deliberations, or potentially impede or prejudice an on-going law enforcement investigation. *See* 6 C.F.R. § 5.48(b).

Your November 11, 2014 subpoena does not adequately specify what information is being requested nor does it describe how the information sought is relevant to the present legal proceeding. Further, it appears that information you have requested may be protected under the Privacy Act, 5 U.S.C. § 552a. In which case, the records may not be disclosed by the agency without the prior written consent of the individual to whom the information applies, or pursuant to the order of a court of competent jurisdiction and signed by a Judge.

If you wish to comply with the DHS's *Touhy* regulations, please offer a more detailed explanation of expected information (what facts and/or opinions do you intend to elicit?) and its relevance to the legal proceeding. Please forward the summary statement, along with a valid Privacy Waiver Form or court order to me at fax number (702) 433-3692 or by mail. Enclosed for your convenience is a "Privacy Waiver Form" that will satisfy the Privacy Act's written consent requirement if correctly executed.

Thank you for your anticipated cooperation in complying with applicable Federal law. If you require additional information on this matter, I can be reached by email at Peter.F.Eitel@ice.dhs.gov

Sincerely,

Peter Eitel
Assistant Chief Counsel
Government Information Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement

[Enclosure]

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## PRIVACY WAIVER AUTHORIZING DISCLOSURE TO A THIRD PARTY

Use this form to authorize the U.S. Department of Homeland Security ("DHS") to disclose information and/or records about you to a third party. Taking this action is entirely voluntary; you are under no obligation to consent to the release of your information to any third party. **Authority:** Privacy Act of 1974 (5 U.S.C. § 552a); DHS Privacy Act Regulations (5 C.F.R. § 5.21(d)).

**STEP 1** Provide information about yourself and identify the third party that you intend to receive your information and/or records (the "Recipient").

| Your Full Name: | Your Alien Registration Number (if applicable): |
|---|---|
| Your Current Address: | Date of Birth: |
|  | Country of Birth: |
| Recipient's Name: | Recipient's Phone Number: |

Recipient's Mailing Address (required if requesting disclosure by mail):

Recipient's Organization, if the waiver will apply to it (e.g. news media, congressional office, law firm):

**STEP 2** Specify what information and/or records DHS is authorized to share with the Recipient.

☐ Identifying Data (Date of Birth, etc.)   ☐ Family Data   ☐ Travel/Border Crossing
☐ Immigration Case                         ☐ Detention Information   ☐ Medical Information
☐ Alien File (A-File)                      ☐ Criminal History   ☐ Criminal Case

**AND/OR**

☐ The following information/records (describe): _____

**OR**

☐ ALL information and/or Records Requested by the Recipient

**For Aliens Only:** If you have applied for or received any of the immigration benefits below, you are legally entitled to confidentiality. (See reverse for more information.) If you want DHS to share information about these benefits with the Recipient, you must waive your confidentiality rights by checking the appropriate boxes below. Waiver of these rights is not required; however, if you do not waive these rights DHS may be unable to disclose to the Recipient some or all of the information you identified above.

**I waive my right to confidentiality and authorize disclosure to the Recipient regarding these immigration benefits:**

☐ Temporary Protected Status (TPS)   ☐ T Visa (for trafficking victims)   ☐ U Visa (for victims of certain crimes)
☐ Seasonal Agricultural Worker       ☐ Battered Spouse/Child Seeking Hardship Waiver   ☐ Violence Against Women Act (VAWA)
☐ Asylum (confidentiality applies even if petition is denied)

**STEP 3** Sign the statement below authorizing DHS to disclose your information and/or records to the Recipient.

I certify under penalty of perjury that the information above is accurate. I authorize DHS, its components, offices, employees, contractors, agents, and assignees, to disclose the information or records specified above to the Recipient. I understand this may include and is not limited to reports, evaluations, and notes of any kind, contained in any record keeping system maintained by or on behalf of DHS; that DHS retains the discretion to decide if particular records or information are within the scope of this Waiver; and that DHS has no control over how the Recipient will use or disseminate my information. I agree to release and hold harmless DHS, its components, offices, employees, contractors, agents, and assignees, from any and all claims of action or damages of any kind arising from, or in any way connected to, the release or use of any information or records pursuant to this Waiver.

| Your Signature: | Witness Signature: |
|---|---|
| Date: | Witness Name: |

*Privacy Waiver is valid for 30 days from date of signature      *Witness may not be the Recipient or employed by Recipient's employer

Page 1 of 2                                              ICE Form 60-001 (06/10)

## Explanation of Immigrant Benefits

If you have applied for or received any of the immigration benefits below, you may be legally entitled to confidentiality regarding these benefits. An explanation of these benefits is provided below to help you identify whether you have applied for such benefits. If you have applied for or received these benefits and you want DHS to share information about these benefits with the Recipient, you must waive your confidentiality rights by checking the appropriate boxes in Step 2 of this form (reverse). You are not required to waive confidentiality regarding these benefits; however, if you do not waive these rights DHS may be unable to disclose to the Recipient some or all of the information you identified above.

<u>Temporary Protected Status (TPS)</u> - 8 U.S.C. § 1254a(c)(6). TPS is for foreign nationals currently residing in the U.S. whose homeland conditions are recognized by the U.S. government as being temporarily unsafe or overly dangerous to return to (e.g., war, earthquake, flood, drought, or other extraordinary and temporary conditions). ICE may disclose information related to TPS to a third party with the consent of the alien.

<u>T Visas and U Visas</u> - Public Law 106-386, Section 701(c)(1)(C). A T visa allows certain victims of human trafficking to remain in the United States for a period of time. A U visa allows certain victims of crimes to remain in the United States for a period of time. ICE may disclose information related to T and U visas to third parties with the consent of the alien.

<u>Legalization Claims, including Seasonal Agricultural Worker (SAW) Claims</u> - 8 U.S.C. § 1255a(c)(4) and (5) and 8 U.S.C. § 1160(b)(5) and (6). Individuals who have applied for legalization, including those individuals employed in agricultural work of a seasonal or temporary nature who have made SAW Claims, may permit ICE to disclose information related to their claim to a third party with the individual's consent.

<u>Battered Spouse or Child Information</u> - 8 U.S.C. § 1186a(c)(4)(C). This provision applies to a battered alien or child who has applied for a hardship waiver from removal under the INA. ICE may disclose information the alien provided to ICE in support his or her request for waiver to a third party with consent of the alien.

<u>Information Relating to Violence Against Women Act (VAWA) Claimants</u> - 8 U.S.C. § 1367(a)(2). This provision applies to a person who has filed a claim under the VAWA. ICE may disclose information related to a person's claim to a third party with the consent of the person.

<u>Asylum Information</u> - 8 C.F.R. § 208.6. This provision applies to individuals who have applied for asylum, and confidentiality regarding the asylum claim applies even if the claim is ultimately denied. ICE may disclose information related to an individual's asylum claim to a third party with the consent of the person.