UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOWARD RUBINSKY,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**AHMED ZAYAT a/k/a EPHRAIM ZAYAT,**<br><br>       **Defendant.** | Civ. No. 2:14-01540 (WJM)<br><br>**OPINION** |

**<u>WILLIAM J. MARTINI, U.S.D.J.</u>:**

      In March 2014, Plaintiff Howard Rubinsky filed this breach of contract and unjust enrichment action against Defendant Ahmed Zayat. Defendant moved for summary judgment. This Court granted Defendant's motion because Plaintiff's claims were time-barred. Specifically, the Court held that Plaintiff's claims had accrued no later than 2005, but Plaintiff had not filed suit until 2014, well after the six-year statute of limitations had run. The Court rejected Plaintiff's claim that the action actually arose in 2008, when Defendant made a "written promise" (via text message) to pay the debt. Plaintiff now moves for reconsideration of this decision "pursuant to Federal Rules of Civil Procedure 59 and 60." For the reasons set forth below, Plaintiff's motion is **DENIED**.

      **I.    BACKGROUND**[1]

      Plaintiff's motion for reconsideration is not a model of clarity. But he appears to argue that the Court erred in determining that the 2008 text messages did not constitute a written promise to pay the debt. Plaintiff argues that the Court overlooked "three dispositive facts" in its decision: (1) a canceled check (made out

---

[1] Because the Court writes solely for the benefit of the parties, it assumes the reader is familiar with the pertinent background facts. For a more complete recitation of the underlying facts, please refer to the Court's June 4, 2015 opinion *See Rubinsky v. Zayat*, No. 2:14-01540, 2015 WL 3517629 (D.N.J. June 4, 2015).

to Donna Rubinsky from the Zayat Foundation); (2) the "routine practice" settling parties have of denying liability; and (3) that Plaintiff's "complete silence" about Defendant's gambling activities constituted consideration for Defendant's promise. Defendant opposes the motion.

## II.   LEGAL STANDARD

Plaintiff has not identified the provisions of the rules under which he seeks relief.  However, under Rule 59(e), a court may grant a motion for reconsideration only if (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it.  *See In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007).  "Rule 60(b) is a provision for extraordinary relief, which will be granted only upon a showing of exceptional circumstances." *Gillon v. Ting*, No. 12-cv-7558, 2014 WL 1891371, at *2 (D.N.J. May 9, 2014).

## III.   DISCUSSION

Plaintiff has failed to demonstrate that reconsideration is warranted under either Rule 59(e) or Rule 60(b).

First, the fact that the cancelled check was not directly referenced in this Court's decision does not mean that it was overlooked.  *See Gillon*, 2014 WL 1891371, at *3 ("The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration.") (internal citation omitted).  Moreover, the Court explicitly held that an acknowledgement or promise to pay a debt will only restart the statute of limitations if it is unconditional, supported by consideration, and in a signed writing.  Plaintiff has not demonstrated that the cancelled check was dispositive, *i.e.* that if the Court had considered it, it would have found that Defendant's "promise" in the 2008 text messages was unconditional and supported by consideration.  *See Rose*, 2007 WL 2533894, at *1-2 (denying motion where the Court did not overlook evidence and the plaintiff failed to make a showing that would warrant reconsideration of the court's decision).

Second, the fact that settling parties sometimes deny liability has no bearing on the present matter. Plaintiff has failed to explain the relevance of alleged Securities and Exchange Commission ("SEC") practices and Elizabeth Warren's recent critique of those practices in determining whether Defendant's text messages constitute an enforceable promise under New Jersey law. *See Interfaith Cmty. Org. Inc. v. PPG Indus., Inc*., 702 F. Supp. 2d 295, 318 (D.N.J. 2010) (finding that the evidence submitted by movant did not alter the disposition of the case, and therefore reconsideration was not warranted).

Third, Plaintiff now suggests, for the first time, that his silence about Defendant's gambling activities constituted the consideration for Defendant's promise. The Court may not consider a new argument on reconsideration. *See Denger v. Merret*, No. 2:08-CV-03454, 2011 WL 5825971, at *4 (D.N.J. Nov. 16, 2011) ("New arguments that could have been raised in [a party's] original motion are inappropriate grounds for reconsideration."). In any event, Plaintiff has not presented any evidence to support this fact.

## IV.   CONCLUSION

Plaintiff has failed to present any clear error of law or fact and has not shown that reconsideration is necessary to prevent manifest injustice. Accordingly, Plaintiff's motion for reconsideration is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 2, 2015**